# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| AUTO CLUB INSURANCE ASSOCIATION and MEMBERSELECT INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHY LIVING CHIROPRACTIC CLINIC, PC; PROACTIVE IMAGING LLC *d/b/a* MINNESOTA RADIOLOGY, LLC; ROBERT STREET PAIN RELIEF CENTER, LLC *d/b/a* EDINA PAIN MANAGEMENT ASSOCIATES, and NAJAH ABDI IBRAHIM,<br><br>Defendants. | Civil No. 11-0027 (JRT/JSM)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Micheal W. Lowden, **LOWDEN LAW FIRM**, 4737 County Road 101, Suite 304, Minnetonka, MN 55345, for plaintiffs.

David W. Asp, Eric C. Tostrud, and Matthew R. Salzwedel, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401-2179, for defendants Healthy Living Chiropractic Clinic, PC and Proactive Imaging LLC.

Jack E. Pierce, **PIERCE LAW FIRM, P.A.**, 6040 Earle Brown Drive, Suite 420, Minneapolis, MN 55430, for defendant Robert Street Pain Relief Center, LLC.

Leny K. Wallen-Friedman, **WALLEN-FRIEDMAN & FLOYD, PA**, 527 Marquette Avenue, Suite 860, Minneapolis, MN 55402, for defendant Najah Abdi Ibrahim.

After removal from state court, defendants have moved to dismiss this case. Because a federal court does not have jurisdiction when the sole jurisdictional basis is a

state law claim that utilizes a federal standard, the Court finds that it lacks jurisdiction and remands the case to state court.

## BACKGROUND

This case involves an alleged scheme to defraud insurers perpetrated by defendants Healthy Living Chiropractic, PC, Proactive Imaging, LLC d/b/a Minnesota Radiology, LLC, Robert Street Pain Relief Center, LLC d/b/a Edina Pain Management Associates, and Najah Abdi Ibrahim (collectively, "defendants").  Auto Club Insurance Association and MemberSelect Insurance Company (collectively, "AAA") seeks a declaratory judgment that it is not required to make payments to defendants based on violations of Minnesota's Professional Firms Act, state anti-kickback law, and fraud.  Further, it seeks reimbursement in the amount of $50,000.  AAA filed the case in state court and defendants removed the matter to federal court based on plaintiffs' invocation of the federal standard that is incorporated in Minn. Stat. § 62J.23, subd. 2, the state anti-kickback law, referenced in the complaint.

## DISCUSSION

**I.   STANDARD FOR REMAND**

Section 1441(a) of Chapter 28 of the United States Code enables defendants to remove cases to federal court in any civil action over which "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  District courts have original jurisdiction over cases involving a federal question.  28 U.S.C. § 1331; 28 U.S.C. § 1441(b) (noting that "original jurisdiction founded on a claim or right arising under the

Constitution, treaties or laws of the United States shall be removable" to federal court).[1] When a court has original jurisdiction over certain claims, it has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367. While a court that dismisses all federal claims has the discretion to maintain supplemental jurisdiction over remaining state claims, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009), "[i]n the **absence** of a federal claim, [a] court [cannot] exercise supplemental jurisdiction . . . ." *Reeve v. Oliver*, 41 F.3d 381, 383 (8th Cir. 1994) (emphasis added).

"Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (internal quotation marks omitted). A court may find a federal cause of action in a poorly drafted complaint sufficient for original jurisdiction, however, when the plaintiff asserts that no federal cause of action was intended, such a liberal reading of the plaintiff's complaint is not warranted. *See Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 994 (8th Cir. 2002). "[J]urisdiction issues will be raised sua sponte by a federal court when there is an indication that

---

[1] A federal court may also exercise original jurisdiction over claims involving diversity of citizenship. 28 U.S.C. § 1332(a). The parties have not alleged, nor is the Court independently aware, that complete diversity of citizenship exists in this case. Furthermore, the amount in controversy in this case does not meet the statutory minimum of $75,000. *See id.* § 1332(b).

jurisdiction is lacking, even if the parties concede the issue. *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991).

## II.     FEDERAL ANTI-KICKBACK LEGISLATION

The complaint avers that defendants have violated federal and state anti-kickback legislation. (*See, e.g.*, Compl. at 11, Aff. of Michael W. Lowden, March 10, 2011, Ex. 1, Docket No. 18.) However, no private right of action exists under the federal anti-kickback law. 42 U.S.C. § 1320a-7b(b); *United States ex rel. Barrett v. Columbia/HCA Healthcare Corp.*, 251 F. Supp. 2d 28, 37 (D.D.C. 2003). Further, AAA clarified at the hearing on the motions that its intent was to allege violation of **state** anti-kickback law. While the complaint mentions the federal law, AAA's moving papers refer to *Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn.*, 671 N.W.2d 213 (Minn. Ct. App. 2003), which held simply that the **standard** of the federal anti-kickback legislation applies to claims under the state law. *Id.* at 217 ("As an initial matter, we note that under Minn. Stat. § 62J.23, subd. 2, the federal anti-kickback statutes and related federal regulations apply to the state statute until the Commissioner of Health adopts rules concerning the section. Because such state rules have not yet been adopted, we apply federal law, and a separate analysis of state law is unnecessary."). As a result, AAA argues discussion of the federal standard is necessary to the state claim but is not the basis of the claim it wishes to bring.

The United States Supreme Court has held that invocation of a federal standard in a state law claim does not give rise to federal jurisdiction. *Merrell Dow Pharm. Inc. v.*

*Thompson*, 478 U.S. 804, 816-17 (1986) ("We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'"); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 821 n.2 (1988) ("[I]ncorporation of federal standard in state-law private action, when no cause of action, either express or implied, exists for violations of that federal standard, does not make the action one 'arising under the Constitution, laws, or treaties of the United States.'" (citing *Merrell Dow Pharm. Inc.* at 810)).

Regardless of the vaguely worded statements in the complaint, AAA's expressed disavowal of a federal claim together with the Court's determination that a violation of federal law is not pled in the complaint, leaves the Court without jurisdiction over these claims. As a result, the Court has no discretion to exercise supplemental jurisdiction over the state law claims, as urged by defendants. The Court therefore remands the case to state court.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the matter is **REMANDED** to the State of Minnesota District Court, Fourth Judicial District, County of Hennepin. The Court declines to rule on the Motion to Dismiss/General by Proactive Imaging LLC [Docket No. 2], the Motion to

- 6 -

Dismiss/General by Najah Abdi Ibrahim [Docket No. 5], and the Motion to Dismiss/General by Robert Street Pain Relief Center, LLC [Docket No. 14] for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  June 9, 2011　　　　　　　　　　____s/ John R. Tunheim____
at Minneapolis, Minnesota.　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge